CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY and American National Insurance Company, Appellants,

v.

Lois STICE, Appellee.

No. 21126.

Court of Appeals of Texas, Dallas.

Sept. 14, 1982.

Rehearing Denied Oct. 25, 1982.

**956**

Thomas J. Nash, Jr., Dallas, for appellants.

Charles M. Wilson, III, Carter, Jones, Magee & Rudberg, Dallas, for appellee.

Before STEPHENS, ALLEN and GUILLOT, JJ.

STEPHENS, Justice.

This is an appeal from a suit brought by Lois Stice to recover the proceeds of an insurance policy on the life of her deceased husband issued by Connecticut General Life Insurance Company (Connecticut General) through her employer, American National Life Insurance Company (American National). Additionally, she sought treble damages from American National for engaging in deceptive and misleading practices under the insurance code. The jury answered special issues favorably to Stice and the trial court entered judgment for $50,000.00, plus the statutory penalty, interest and attorneys' fees against Connecticut General and for $150,000.00 plus attorneys' fees against American National. Both insurance companies appealed. We affirm the judgment against Connecticut General and reverse the judgment against American National.

The evidence developed at trial showed that Mrs. Stice was employed by American National. Through her employer, she was given the opportunity to enroll in a group contract of accidental death and dismemberment insurance offered by Connecticut General. She enrolled herself and her dependents under this plan. On March 16, 1976, while covered by the policy, Stice's husband fell and fractured his hip. During his hospitalization following surgical repair of the fracture, he developed a wound infection which would not heal and his liver functions began to deteriorate. Stice's condition continued to worsen, and he died on June 21, 1976.

Connecticut General denied Mrs. Stice's claim for benefits under the accidental death policy, contending that Mr. Stice's death did not result from an accidental injury independent of all other causes as required under the coverage clause of the policy. Mrs. Stice then brought the instant suit.

 Appellant Connecticut General contends in five points of error that there was no evidence or insufficient evidence to support the jury's findings to the following special issues:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Roy Stice suffered an accidental bodily injury, which, directly and independently of all other causes, resulted in his death within 180 days? Answer "Yes" or "No."

ANSWER: Yes

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the hepatocellular disease—cirrhosis—of Roy A. Stice, if any, was not the proximate cause of his death? Answer: "It was not the proximate cause"

or

"It was the proximate cause"

ANSWER: It was not

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that the hepatocellular dis-

ease—cirrhosis—of Roy A. Stice, if any, was not a contributing cause of his death? Answer: "It was not a contributing cause"

or

"It was a contributing cause"

ANSWER: It was not

In deciding a "no evidence" point, we must consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light support the jury finding and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). An "insufficient evidence" point requires the court to consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *See Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); *In re King's Estate,* 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

The evidence showed that Mr. Stice suffered from chronic cirrhosis of the liver for approximately ten years prior to his death. However, the condition had not required any regular treatment in the two-year period before he broke his hip. Dr. Kempe, the family physician, testified that the cirrhosis caused Stice to be more susceptible to infection. He also had to limit his protein intake because the diseased liver had a decreased ability to break down and detoxify protein substances. After undergoing surgery on his hip, Stice developed a wound infection and his liver functions began to deteriorate. The attending physicians attempted to promote healing of the infection with protein but the dosage was limited because of Stice's liver disease. According to the autopsy, death resulted from "combined metabolic, hepatic and renal disorder with cardiac failure."

Dr. Kempe testified that under stressful situations, Stice's long term liver problem "could certainly be a terminal event." In his opinion, Stice's liver disease played a

significant role in his death. However, at the time of Stice's admission to the hospital, his liver condition was stable and did not require treatment. In Kempe's estimation, Stice's accidental fall was "a challenge that initiated the whole sequence of events" and the infection of the wound area "played a very dominant role" in causing Stice's death. Kempe also expressed the following opinion in a letter to the claims manager of American National (admitted as plaintiff's exhibit 8):

> His terminal illness, however, was a result of his fall and subsequent fracture. While I cannot say with absolute certainty that Mr. Stice would be alive today had he not had his fracture, I suspect that he probably would as he had weathered through various infections with his liver disease without difficulty. The severity of his fracture plus the prolonged bed confinement and surgical procedure caused his death in my estimation.

The only other medical evidence presented was the death certificate, autopsy protocol, and past medical history recorded by Dr. Kempe. The death certificate recorded the immediate cause of death as "acute renal failure due to cirrhosis of liver—severe." "Intertrochanteric fracture right hip" was listed as a significant condition contributing to death but not related to the terminal disease condition. The autopsy protocol described the cause of death as "post-operative state, nailing of intertrochanteric fracture of right hip, complicated by hemorrhage and infection of the operative site in the presence of advanced cirrhosis of the liver resulting in combined metabolic, hepatic and renal disorder with cardiac failure."

■ Under the coverage clause of the policy, the burden was on Mrs. Stice to prove that the death of her husband was caused by accidental bodily injury directly and independently of all other causes and that the loss occurred within 180 days after the injury was received. A coverage clause of this type requires a showing that the accidental injury was the sole proximate cause of death. See *Stroburg v. Insurance Co. of North America,* 464 S.W.2d 827, 829 (Tex.1971); *Pan American Life Insurance Co. v. Youngblood,* 569 S.W.2d 951, 956 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Nevertheless, recovery is not defeated when a pre-existing condition or disorder is so remote in the scale of causation, so dormant and insubstantial, or so temporary and transient that it does not materially contribute to the death or injury. See *Stroburg v. Insurance Co. of North America, supra* at 829. Applying the "no evidence" test, we are satisfied that there was probative evidence from which the jury could have reasonably concluded that accidental injury was the sole proximate cause of death and that cirrhosis did not materially contribute to the death. See *Stroburg v. Insurance Co. of North America, supra* at 829; *Pan American Life Ins. Co. v. Youngblood, supra* at 957. Appellant's "no evidence" points are overruled.

■ In considering appellant's "insufficient evidence" points, we must consider also the evidence contrary to the jury's findings. Although there was some testimony that cirrhosis did contribute to Stice's death, we cannot say that the jury's findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. See *In re King's Estate, supra* 244 S.W.2d at 661; *Pan American Life Ins. Co. v. Youngblood, supra* at 957–58. Appellant's "insufficient evidence" points are overruled.

■ In its sixth ground of error, Connecticut General contends that the overwhelming weight of the evidence showed that Stice's death was caused or contributed to by disease within the meaning of the exclusionary language of the policy. The accidental death and dismemberment policy under which Stice was covered excluded benefits for any loss resulting "directly or indirectly from infection (except pyogenic infections which occur through an accidental cut or wound) or disease, whether the infection or disease is the proximate or a contributing cause of the loss." In its original answer, Connecticut General specifically relied upon this exclusion as a basis for

denying liability under the policy. Consequently, Mrs. Stice retained the burden of proving that her right to recover was not defeated by the exclusion pleaded. *See* Tex.R.Civ.P. 94; *Aetna Life & Casualty Ins. Co. v. Nuzum,* 551 S.W.2d 768, 770 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). In *Stroburg v. Insurance Co. of North America, supra,* the court discussed the meaning of a policy provision excluding liability for loss resulting "wholly or partly, directly or indirectly, from disease or mental or bodily infirmity." 464 S.W.2d at 831. The court held that such a provision excepts loss from risks which are an indirect or remote as distinguished from a proximate cause of the loss. *Stroburg v. Insurance Co. of North America, supra* at 831–32. Although the exclusion in the instant case does contain the language "directly or indirectly," it also restricts the exception to an infection or disease which is a proximate or contributing cause of the loss. "Contributing cause" has been deemed equivalent to proximate cause. *See National Life & Accident Ins. Co. v. Franklin,* 506 S.W.2d 765, 768 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). We conclude that in order for the exclusion to apply, the disease had only to be a proximate cause rather than the sole proximate cause of loss. *See National Life & Accident Ins. Co. v. Franklin, supra* at 768. In special issue number 2, the jury found that cirrhosis was not the proximate cause of Stice's death. As previously discussed, we cannot say that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule Connecticut General's sixth point of error and affirm the judgment against it.

We next consider the points of error presented by appellant American National. Mrs. Stice sued her employer, American National, for engaging in false, deceptive and misleading practices as prohibited by the Insurance Code, Tex.Ins.Code Ann. art. 21.-21, § 4(1) and (2) (Vernon 1981), and the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.46(b)(5) (Vernon Supp. 1982). Specifically, she argues that American National distributed a brochure misrepresenting the policy exclusions contained in Connecticut General's accidental death and dismemberment policy.[1] She claimed reliance upon the statements contained in the brochure, and that she sustained actual damages in the amount of $50,000 when Connecticut General denied liability based upon the more restrictive exclusionary language contained in the actual policy. The jury answered special issues favorably to Mrs. Stice and she was awarded treble damages against American National with a credit allowed of $50,000 upon payment of the benefits due under the policy by Connecticut General.

■ In its fourteenth point of error, American National contends that Mrs. Stice cannot suffer damages by virtue of misrepresentation in the brochure if she recovers benefits under the accidental death policy. We agree. The Deceptive Trade Practices Act permits the adversely affected plaintiff to recover the greatest amount of actual damages he has alleged and established by proof to be factually caused by the defendant's conduct. *See Hyder-Ingram Chevrolet, Inc. v. Kutach,* 612 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *See also Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 939 (Tex.1980). The injury claimed by Mrs. Stice was that she thought her husband was covered by a policy of insurance for loss resulting from accidental death or dismemberment, whereas, the insurance company

---

1. The exclusionary clause appearing in the brochure read as follows:

"No benefits will be payable for loss resulting from: ... disease or infection (except pus-forming infection which occurs through or with an accidental cut or wound)."

The exclusionary clause appearing in the policy read as follows:

"The insurance does not cover, and no payment will be made for, any loss which results directly or indirectly from

. . . . .

2. infection (except pyogenic infections which occur through an accidental cut or wound) or disease, whether the infection or disease is the proximate or a contributing cause of the loss."

denied liability based on a policy exclusion different from the exclusion described in the brochure. The damage sustained was the amount recoverable under the policy. *See Royal Globe Ins. Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 694 (Tex.1979). The jury found that Stice's death was covered under the terms of the policy, and Mrs. Stice recovered the benefits due by virtue of the trial court's judgment. Consequently, she has sustained no actual damages as a result of any conduct of American National. *See Royal Globe Ins. Co. v. Bar Consultants, Inc., supra* at 695. In view of our holding, we reverse and render judgment that Mrs. Stice take nothing against American National.

The judgment against appellant Connecticut General is affirmed. We reverse and render a take nothing judgment against appellant American National.