Steve MAYO and Diane
Mayo, Appellants,

v.

**JOHN HANCOCK MUTUAL LIFE
INSURANCE, Appellee.**

No. 05–83–00719–CV.

Court of Appeals of Texas,
Dallas.

July 11, 1985.

Rehearing Denied Aug. 22, 1985.

Eric Weisberg, Denison, for appellants.

Rim Nall, Sherman, for appellee.

Before ELLIS [1] and TUNKS,[2] C.JJ., and GUILLOT, J.

TUNKS, Chief Justice (Retired).

Steve Mayo and his wife, Diane, sued John Hancock Mutual Life Insurance Company of Boston, Massachusetts (Hancock) for benefits claimed to be payable to them under a group insurance policy covering the employees of Hutron Aerospace Company of Arlington, Texas, and their dependents. Steve Mayo was such an employee until December 19, 1980, when he was terminated. The policy provided maternity benefits. By its terms, the policy and its coverage terminated when a covered employee's employment ended, except, as to a covered dependent, if the dependent was totally disabled at the time the employee on which she was dependent was terminated, her coverage continued until the disability ended. Diane Mayo was pregnant at the time her husband's employment terminated. Her baby was born January 27, 1981. The Mayos alleged that she was totally disabled at the time her husband's job was terminated so that her coverage continued until her baby was born, making Hancock liable for maternity expenses. Hancock denied such coverage and its liability. This suit by the Mayos was therefore filed.

The suit filed by the Mayos alleged three different bases of recovery. It alleged violations of TEX.INS.CODE ANN. art. 21.21 (Vernon 1981) and sought recovery of their actual damages, trebled, and attorney's fees as provided in section 16 thereof. It alleged a violation of section 17.46 of the Deceptive Trade Practices Act (D.T.P.A.), TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon Supp.1985), and again sought recovery of actual damages, trebled, and attorney's fees. It also alleged a cause of action under TEX.INS. CODE ANN. art. 3.62 (Vernon 1981) and sought recovery of actual damages, 12% penalty, and attorney's fees, as provided by that statute.

The trial court granted Hancock's motion to sever the Mayos' causes of action based on article 21.21 of the Insurance Code and the D.T.P.A. from their cause of action based on article 3.62. The Mayos elected to first try their suit based on article 3.62 of the Insurance Code. They prevailed and were awarded a judgment for the amount of Mrs. Mayo's medical expenses ($2,916.30), 12% penalty, attorney fees, prejudgment and post-judgment interest.

After the Mayos had recovered the aforementioned judgment on the basis of article 3.62 of the Insurance Code, Hancock filed a motion for summary judgment as to the Mayos' claims based on alleged unfair settlement practices and deceptive trade practices which had been severed from the rest of the Mayos' case. As the ground for its

---

1. The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

2. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, Retired, sitting by assignment.

motion, Hancock contended that the Mayos, having recovered under article 3.62, as a matter of law, were estopped from asserting additional causes of action against defendant because it would amount to a double recovery. The trial court granted Hancock's motion and rendered summary judgment for the Hancock. The Mayos contend on appeal that summary judgment was improper because they may proceed under article 3.62 and recover and then proceed under the D.T.P.A. and article 21.21 of the Insurance Code. We affirm the judgment of the trial court.

As an indispensible element to their two remaining ·alleged grounds for recovery, the Mayos were obliged to prove that they had sustained damages recoverable from the Hancock. After their recovery of their damages for Hancock's breach of the insurance contract in the Mayos' suit based on article 3.62, they could recover those damages again if allowed to proceed with their suit based on article 21.21 of the Insurance Code or section 17.46 of the D.T.P.A.

 The D.T.P.A. does not allow the Mayos to recover again. Section 17.43 of the D.T.P.A. provides, in part, as follows:

§ 17.43   Cumulative Remedies

The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provides for in any other law; *provided, however, that no recovery shall be permitted under both this subchapter and another law of both actual damages and penalties for the same act or practice.*

(The emphasized language was added by amendment in 1979.) This cannot be more clear; therefore, the summary judgment was properly granted as to the D.T.P.A. action.

■ We turn then to the question of whether an action under TEX.INS.CODE ANN. art. 21.21 (Vernon 1981) is maintainable by a plaintiff that has already recovered under TEX.INS.CODE ANN. art. 3.62. We hold that it is not.

On this point, we are controlled by *Connecticut General v. Stice*, 640 S.W.2d 955 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In that case, Mrs. Stice sued Connecticut General for recovery on her husband's insurance policy and won. She also sued American National under TEX.INS.CODE ANN. art. 21.21 and the D.T.P.A., TEX. BUS. & COM.CODE ANN. § 17.46. We held that, once she had recovered on the policy, Mrs. Stice could not recover on the D.T.P.A. or article 21.21 claims because she was not damaged.

A recovery under TEX.INS.CODE ANN. art. 3.62 is a recovery on the insurance policy. Having recovered under article 3.62, the Mayos cannot proceed with their other causes of action. Accordingly, we affirm the judgment of the trial court.

Costs taxed against Mayo.