Steve MAYO, et ux, Petitioners,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY OF
BOSTON, MASS., Respondent.

No. C–4621.

Supreme Court of Texas.

June 4, 1986.

Rehearing Denied July 9, 1986.

Mark L. Kincaid, Joe K. Longley, Longley & Maxwell, Austin, Eric Weisberg, Weisberg Law Firm, Denison, for petitioners.

Rim Nall, Cynthia L. Stagner, Nall, Pelley & Wynne, Sherman, for respondent.

WALLACE, Justice.

This is an appeal from a summary judgment against Steve and Diane Mayo in their suit against John Hancock Mutual Life Insurance Company of Boston, Massachusetts. The court of appeals affirmed the summary judgment, 695 S.W.2d 724. We reverse the judgment of the court of appeals and remand the cause for trial.

Steve Mayo was employed by Hutron Aerospace Company and was covered by a group insurance policy issued by John Hancock Mutual Life Insurance Company. The policy provided maternity benefits. It further provided that coverage would end

upon termination of employment. However, the policy also contained an exception allowing the coverage of a totally disabled dependent to continue until the disability ended. Steve was terminated on December 19, 1980. His wife, Diane, gave birth on January 27, 1981. John Hancock denied the Mayos' claim for maternity benefits.

The Mayos sued John Hancock for breach of contract; violation of Art. 3.62 of the TEX.INS.CODE ANN. (Vernon 1981); violation of Art. 21.21 § 16 of the TEX. INS.CODE ANN. (Vernon 1981); and for breach of the TEX.BUS. & COMM.CODE § 17.46 (Vernon 1985) (Deceptive Trade Practices Act). The trial court, on motion by John Hancock and over the Mayos' objection, severed the breach of contract and Art. 3.62 causes of action from the Art. 21.21 § 16 and DTPA causes of action. Article 3.62 provides recovery for the amount of the loss, 12% damages, and reasonable attorney's fees when the insurance company liable for the loss fails to pay the claim within 30 days after demand. Article 21.21 § 16 and the DTPA provide for recovery of actual damages for unfair or deceptive trade practices with the possibility of recovering treble damages. The Mayos tried the breach of contract and Art. 3.62 causes of action first. The jury found that Diane was totally disabled as of December 19, 1980, and awarded actual damages equal to the Mayos' medical expenses plus 12% penalty and attorney's fees.

John Hancock filed a motion for summary judgment alleging only that the Art. 21.21 § 16 and DTPA claims were barred because of recovery of actual damages in the contract and Art. 3.62 claims. In affirming that judgment, the court of appeals relied solely on the grounds stated in the Motion for Summary Judgment and *Connecticut General v. Stice,* 640 S.W.2d 955 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). The summary judgment was proper only if the motion for summary judgment and the supporting affidavits showed that John Hancock was entitled to judgment as a matter of law. *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984).

■ The dispositive issue in this case is whether the recovery of actual damages equal to the amount of medical expense payable under the policy plus 12% penalty, for failure to timely pay the policy benefits, barred treble damages under Art. 21.21 § 16 or the DTPA. In *Connecticut General v. Stice,* the plaintiff brought an action to recover the proceeds of an insurance policy on the life of her deceased husband and treble damages based on deceptive and misleading practices under the TEX.INS. CODE and the DTPA. The court of appeals held that because Stice was entitled to recover the proceeds, she had thus not suffered any actual damages. However, the court in *Stice* did not address two points which could have been dispositive of that case. Those points were: (1) there was no evidence of a misrepresentation, and (2) any claim for misrepresentation was barred by the statute of limitations. Thus our refusing error in *Stice* was not an indication that we approved the language of that case relied upon here by the court of appeals that recovery under Art. 3.62 barred recovery under Art. 21.21 § 16 or the DTPA. The court of appeals in this case held that § 17.43 of the DTPA precluded the Mayos' causes of action in the present case by the following language:

> The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law; provided, however, that no recovery shall be permitted under *both* this subchapter and another law of *both actual damages and penalties for the same act or practice.*

We hold that the court of appeals misinterpreted the clear and unambiguous language of that statutory provision. The statute merely limits a plaintiff from recovering actual and punitive damages for a specific act under one law and then recovering actual and punitive damages for the very same act under the provisions of the DTPA. In the prior trial, the Mayos recovered their actual damages plus 12% penalties for John Hancock's violation of Art.

3.62 of the TEX.INS.CODE. In the present case, they seek to recover actual damages plus punitive damages for a violation of Art. 21.21 § 16 of the TEX.INS. CODE and Section 17.46 of the DTPA. The violation of Art. 3.62 is based on failure to pay under the policy within 30 days. The violation of Art. 21.21 § 16 and the DTPA is based on false, misleading or deceptive trade practices. Recovery of the 12% penalty under Art. 3.62 plus recovery of treble damages under Art. 21.21 § 16 and the DTPA would not constitute recovery "for the same act or practice." The question of whether the Mayos could prove their causes of action under Art. 21.21 § 16 and the DTPA is not before us because it was not raised in the motion for summary judgment.

The Mayos' pleadings in this case stated a cause of action. The motion for summary judgment did not set out a legal bar to that cause of action. Therefore the trial court and the court of appeals erred in sustaining the motion for summary judgment. In the event the Mayos prevail at trial of this cause, their judgment should be offset by the amount of actual damages recovered in the prior trial.

We reverse the judgment of the court of appeals and remand to the trial court for trial on the Art. 21.21 § 16 and DTPA causes of action.