The ESTATE OF Martha SMALL,
et al., Appellant,

v.

SOUTHLAND LIFE INSURANCE
COMPANY, Appellee.

No. B14–88–00482–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1990.
Rehearing Overruled Oct. 11, 1990.

Jimmy Williamson, Houston, for appellant.

Paul D. Clote, Al Schulman, David E. Cowen, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

OPINION ON MOTION FOR REHEARING

MURPHY, Justice.

We grant appellants' motion for rehearing, withdraw our original opinion, and substitute the following opinion.

The Estate of Martha Small appeals from the granting of Southland Life Insurance Company's motion for summary judgment. Small was accidentally shot in the throat on March 27, 1982. Six months after the accident, her employer, Mandel-Kahn Co., terminated her employment. While employed by Mandel-Kahn, Small was covered under a group health insurance policy provided by Mandel-Kahn and its insurer, Southland Life Insurance Co. Upon termination of her employment, Southland ceased to pay Small's medical expenses incurred after the date of her termination.

Small then filed suit against Southland, Mandel-Kahn, and others, alleging breach of contract, violations of the Texas Insurance Code and the Employee Retirement Income Security Act ("ERISA"), breach of the duty of good faith and fair dealing, and fraud. On August 12, 1985, Southland filed a motion for summary judgment alleging (1) the insurance contract was unambiguous and all of Small's benefits had been paid under the policy, (2) it was not the plan administrator of the insurance policy and was not the proper defendant in an ERISA action regarding the summary plan description, and (3) it was not liable under article 21.21 of the Insurance Code because it made no false or misleading statements regarding the group health insurance policy. On August 27, 1985 appellants filed a motion for partial summary judgment, a response to Southland's summary judgment motion, and a third amended petition. In that petition appellants alleged for the first time violations of the Deceptive Trade Practices Act, negligence, gross negligence, and intentional infliction of emotional distress. Thereafter, Southland did not amend its original motion for summary judgment.

On January 11, 1986, the trial court entered two orders: one granting summary judgment in favor of Southland, and one denying appellants' motion for partial summary judgment. Appellants then filed a motion for new trial, which was set to be heard on April 14, 1986. On March 18, 1987, the court recited, in its docket entry, that the summary judgment remained granted and that a severance of Southland was granted. On April 14, 1987, the trial court, on its own motion, entered an order granting a new trial. On July 9, 1987, appellants filed their first amended response to Southland's motion for summary judgment. In that response, appellants claimed that fact questions existed with regard to their causes of action for breach of contract, breach of the duty of good

faith and fair dealing and their causes of action under the Insurance Code and the DTPA. On April 5, 1988 the trial court entered an order reciting that it had heard Southland's motion for summary judgment on January 11, 1986, that the motion was granted, and that, on July 16, 1987, the court reconsidered the motion. The court also listed several documents that it considered in its disposition of the motion for summary judgment. The court then granted Southland's motion "in all things, including any causes of action for breach of contract or under 17.46 *et seq.* of the Texas Business and Commerce Code or Article 21.21 of the Insurance Code[.]" The estate of Martha Small now appeals that ruling.

In five points appellants urge the trial court's error in granting Southland's motion for summary judgment because Southland did not address all of appellants' causes of action and because Small was covered under the policy after termination of her employment. Concluding that summary judgment is improper with regard to appellants' negligence, fraud, intentional infliction of emotional distress, DTPA, and Insurance Code causes of action, we reverse and remand for trial.

Southland claims all of appellants' causes of action are preempted by ERISA. However, Southland has raised federal preemption for the first time on appeal. Southland argues that ERISA preemption affects the trial court's subject-matter jurisdiction and cannot be waived. A claim of ERISA preemption is a federal defense to appellants' state causes of action. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The existence of a federal preemption defense only affects jurisdiction when the preemption affects the choice of forum, rather than the choice of law. *International Longshoremens' Ass'n v. Davis,* 476 U.S. 380, 391–02, 106 S.Ct. 1904, 1912–18, 90 L.Ed.2d 389 (1986).

Southland in this case asserts a choice of law preemption under ERISA, not a choice of forum preemption. The state district court has jurisdiction over an ERISA group insurance plan. State courts and the district courts of the United States have concurrent jurisdiction of ERISA actions asserted by a participant or beneficiary to recover benefits due under the terms of an employee benefit plan. 29 U.S.C. § 1132(e)(1). Therefore, by asserting ERISA preemption of appellants' state law actions, Southland has asserted a choice of law preemption, which may be waived if not presented to the trial court. Because Southland did not present the preemption defense to the trial court, it waived that defense.

Appellants, in their second amended petition, alleged violations of article 21.21 of the Texas Insurance Code Annotated (Vernon Supp.1989) and ERISA. Appellants further alleged that Southland breached its duty of good faith and fair dealing, which it owed to Small. Southland's motion for summary judgment, stated that, as a matter of law, appellants could not recover on their breach of contract, Insurance Code, or ERISA causes of action because Southland had paid all benefits owed under the policy before the policy terminated. After Southland filed its motion, appellants filed a third amended petition alleging causes of action in negligence, gross negligence, fraud, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act.

Appellants argue, in their first two points of error that, because Southland failed to address the causes of action pleaded in appellants' third amended petition, the trial court improperly granted summary judgment. Appellants claim that Southland failed to conclusively prove its defense to their negligence, fraud, and intentional infliction of emotional distress causes of action. In their third amended petition, filed after Southland's motion for summary judgment was filed, appellants alleged:

> In the alternative, Plaintiffs say that Defendants' conduct in issuing and administering this insurance plan that purported to provide $1,000,000.00 in lifetime medical benefits, but which, in fact, was precisely calculated to terminate benefits any time a serious and disabling injury occurred, and therefore to never pay

$1,000,000.00 on any loss, constituted negligence, fraud, and the intentional infliction of emotional distress.

In its motion for summary judgment, Southland responded only to appellants' breach of contract, Insurance Code, and ERISA causes of action. The trial court obviously considered appellants' third amended original petition because, in the order granting the summary judgment, specific reference was made to the DPTA case of action, pled for the first time in that petition.

A movant must establish his entitlement to summary judgment on the issues expressly presented to the trial court, and summary judgment cannot be granted on a cause of action not specifically addressed in the motion for summary judgment. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983). Because Southland did not amend its motion for summary judgment and address appellants' negligence, fraud, DTPA, and intentional infliction of emotional distress causes of action, the trial court erred in granting summary judgment on those causes of action. Appellants' first and second points of error are sustained.

In their third point of error appellants claim the trial court erred in holding there was no coverage under the insurance policy. With regard to appellants' cause of action for breach of contract, Southland asserted in its motion for summary judgment that, by the clear, unambiguous terms of the policy, its liability for Small's medical services ended on December 27, 1982, three months after her employment was terminated.

If the language in the insurance contract is clear and unambiguous, the court must construe the contract as a matter of law. *See R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 518 (Tex.1980). An instrument is not ambiguous if it is so worded that a court may properly give it a certain or definite legal meaning or interpretation. *Id.* The policy states, "EMPLOYEE INSURANCE—Your insurance will terminate on the earliest of the following dates: (1) the date termination of your employment occurs...." The policy further provides that coverage will be extended three months after termination of employment if the employee is totally disabled at the time of termination. Those provisions are such certain and definite statements that they cannot be ambiguous. Therefore, when Small's employment terminated, the insurance policy terminated under its own terms. Further, Southland produced summary judgment proof to show that Small received all the benefits to which she was entitled under the policy. A clear reading of the policy, coupled with the summary judgment proof presented, shows that Southland did not deny benefits to Small. Summary judgment is proper with regard to appellants' claim of breach of contract. Appellants' third point of error is overruled.

In their fourth point of error appellants claim the trial court erred in holding there was no cause of action under the Texas DTPA or the Texas Insurance Code because (1) those causes of action were not properly addressed in the motion for summary judgment, (2) an issue of fact existed concerning whether Southland has misrepresented the terms and exclusions of the insurance policy, (3) an issue of fact existed concerning whether the policy contained language that was false, misleading, or deceptive, and (4) the trial court's finding that there could be no DTPA or article 21.21 cause of action because there was no insurance coverage improperly predicates those causes of action upon the existence of a contractual relationship.

In their third amended petition, appellants alleged that the insurance policy "was issued in such a manner that constituted a misrepresentation as defined by Article 21.-21 of the TEXAS INSURANCE CODE." They further claim that

> SOUTHLAND LIFE INSURANCE COMPANY's denial of claims for subsequent medical benefits under these circumstances constitutes an unconscionable action under the Texas Deceptive Trade Practices and Consumer Protection Act in that they are taking "advantage of the lack of knowledge, ability,

experience, or capacity of a person to a grossly unfair degree.

* * * * * *

In addition, Defendants have violated Section 17.46(b)(12) of [the DTPA] by "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Finally, Defendants have violated Section 4 of the Texas Insurance Code by "making, issuing, circulating, or causing to be made, issued, or circulated, any ... statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby."

Southland, in its motion for summary judgment, asserted that it made no false or misleading statement to Martha Small regarding the insurance policy and that Southland's representation that it was not liable for services rendered or charges incurred or made after December 27, 1982 was true under the express written terms of the contract. Appellants responded, stating that the language in the insurance contract "is misleading to the average consumer"; thus, raising a fact question regarding whether Southland misrepresented the benefits under the policy.

Although appellants may not recover under the insurance policy because all benefits under the policy have been paid, they may still maintain a cause of action arising out of the contractual relationship under the DTPA and article 21.21 of the Insurance Code. *See Mayo v. John Hancock Mutual Life Insurance Co.*, 711 S.W.2d 5, 7 (Tex.1986). Although Southland paid the premiums on the health insurance policy, Martha Small was a consumer within the meaning of the DTPA. *See Kennedy v. Sale,* 689 S.W.2d 890 (Tex. 1985). As the insured, Small acquired the benefit of the policy, as well as the right to bring a cause of action under the DTPA and the Insurance Code. *Mayo,* 711 S.W.2d at 7. The Insurance Code states:

Any person who has been injured by another's engaging in any of the practices declared in section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business and Commerce Code, as amended, as an unlawful and deceptive trade practice may maintain an action against the company or companies in engaging in such acts or practices.

TEX.INS.CODE ANN. art. 21.21 (Vernon 1981).

That article allows an insured to sue an insurer for violating any deceptive acts or practices and provides that a cause of action for deceptive acts or practices is an independent cause of action apart from a cause of action for refusal to pay benefits. Although we have determined that Southland cannot be held liable for refusal to pay benefits. Southland failed to respond, in its motion for summary judgment, to appellants' DTPA cause of action, Southland did not establish its entitlement to summary judgment on that cause of action. We sustain appellants' fourth point of error.

Appellants' claims under ERISA fail. Appellants allege that all defendants, including Southland, owed fiduciary duties to Small, and breached those duties by failing to provide her with a summary plan description written in a manner calculated to be understood by the average plan participant.

Appellants allege:

Under the Employment Retirement Income Security Act of 1974 all Defendants were under certain fiduciary duties to MARTHA SMALL, including the duty to provide her with a summary plan description "written in a manner calculated to be understood by the average plan participant, ... sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 20 U.S.C.A. § 1022. All of the Defendants failed to comply with this specific statutory duty imposed by ERISA, and the statutory violation resulted in damage to MARTHA SMALL. In addition, by their whole course of conduct, Defen-

dants violated the general fiduciary duties imposed by ERISA. See 29 U.S.C.A. § 1104.

Appellants' cause of action under 29 U.S.C. § 1022 is based specifically on Southland's alleged failure to disclose, in the summary plan description, that its benefits would terminate on termination of employment. Section 1021 provides that it is the plan administrator's duty to furnish a summary plan description that makes the required disclosure under section 1022. The plan administrator is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). The group insurance policy, under which appellants claim benefits, states that the plan administrator is the secretary/treasurer for Mandel–Kahn. Thus, the secretary/treasurer of Mandel–Kahn, the plan administrator, is the proper defendant under section 1022, not Southland. Appellants have asserted no cause of action under section 1022 against Southland.

Appellants have also failed to assert a cause of action under section 1104. Section 1104(a)(1)(A) states:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>
> (A) for the exclusive purpose of:
>
> (i) providing benefits to participants and their beneficiaries; and
>
> (ii) defraying reasonable expenses of administering the plan[.]

Appellants allege Southland has breached its general fiduciary duties under this section. Southland counters by asserting it breached no fiduciary duties owed to Small because it provided Small all the benefits to which she was entitled.

To prevail on summary judgment, Southland need only show that the proof presents no material fact question to controvert the claim that the denial was not clear error and was rational. *Shiffler v. The Equitable Life Assurance Society,* 838 F.2d 78, 83 (3rd Cir.1988). The standard of review under ERISA requires that the determination of eligibility for benefits be upheld unless such determination is arbitrary and capricious. *Dennard v. Richards Group, Inc.,* 681 F.2d 306, 313 (5th Cir.1982); *Paris v. Profit Sharing Plan for Employees,* 637 F.2d 357, 362 (5th Cir. 1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981).

The decision that no additional benefits were due to Small was neither arbitrary, nor capricious. As we stated earlier, the termination of benefits was based on the plain, unambiguous provisions of the insurance policy. Southland did not act arbitrarily and capriciously in denying benefits to Small after the policy terminated. Appellants' fifth point of error is overruled.

We reverse the summary judgment and remand for trial on the negligence, fraud, intentional infliction of emotional distress, DTPA, and Insurance Code causes of action.

ROBERTSON, Justice, dissenting.

I respectfully dissent to reversing this summary judgment because Small's policy terminated under its own terms, and she was entitled to no further benefits.

Appellants, in their second amended petition, alleged violations of article 21.21 of the Texas Insurance Code Annotated (Vernon Supp.1989) and ERISA. Appellants further alleged that Southland breached its duty of good faith and fair dealing, which it owed to Small. Southland filed a motion for summary judgment, which stated, "This lawsuit involves damages purportedly owed as a result of an alleged breach of contract, an alleged violation of Article 21.-21 of the Texas Insurance Code, and an alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* " After Southland filed its motion, appellants filed a third amended petition alleging causes of action of negligence, gross negligence, fraud, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), *all of which arise out of the provisions of the health insurance policy.*

Appellants argue that, because Southland failed to address the causes of action pleaded in appellants' third amended petition, the trial court improperly granted summary judgment. Southland could establish its entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its defense as a matter of law. *See Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983). In this case, Southland complied with the requirement in *Chessher* by asserting, as a defense to appellants' causes of action, that it owes no more benefits to Small because the health insurance policy terminated under its own terms. Each of appellants' causes of action disputes the provisions *in the health insurance policy* that provide for the termination of the policy. Southland points out that all appellants' causes of action are predicated on the assumption that Southland wrongfully refused to pay health insurance benefits to Small. Although Southland has not replied specifically to each cause of action asserted in appellants' third amended petition, it has expressly presented and conclusively proved all elements of its defense against any cause of action brought to recover benefits under the group health insurance policy.

Southland asserted in its motion for summary judgment that, by the clear, unambiguous terms of the policy, its liability for Small's medical services ended on December 27, 1982, three months after her employment was terminated. If the language in the insurance contract is clear and unambiguous, the court must construe the contract as a matter of law. *See R & P Enterprises v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517, 518 (Tex.1980). An instrument is not ambiguous if it is so worded that a court may properly give it a certain or definite legal meaning or interpretation. *Id.* The policy states, "EMPLOYEE INSURANCE—Your insurance will terminate on the earliest of the following dates: (1) the date termination of your employment occurs...." The policy further provides that coverage will be extended three months after termination of employment if the employee is totally disabled at the time of termination. Those provisions are such certain and definite statements that they cannot be ambiguous. Therefore, when Small's employment terminated, the insurance policy terminated under its own terms. Further, Southland produced summary judgment proof to show that Small received all the benefits to which she was entitled under the policy. A clear reading of the policy, coupled with the summary judgment proof presented, shows that Southland did not deny benefits to Small.

The judgment should be affirmed.