**MERRILL LYNCH RELOCATION MANAGEMENT, INC.,**
Relator,

v.

**The Honorable William R. POWELL, Judge, 80th Judicial District, Harris County, Texas, Respondent.**

No. B14-91-00713-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 20, 1992.

———

Ben Taylor, Reagan M. Brown, William P. Maines, Houston, for relator.

Terry P. Ayre, Houston, for respondent.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

Respondent denied relator's plea to the court's jurisdiction and announced his intention to proceed to trial in a case styled *Merrill Lynch Relocation Management, Inc. v. Jerry L. Bryan II, et al. in the 80th Judicial District Court of Harris County, Texas.* Relator requests that this court command respondent to set aside this order and take no further actions in the cause. The petition is conditionally granted.

In April 1988, relator sued Jerry L. Bryan, II, et al. (hereafter "Bryan"), alleging numerous causes of action under an agreement in which Bryan was to perform certain services for relator in return for an agreed price. Bryan made several counterclaims. On June 3, relator filed a motion for summary judgment on the counterclaims. Bryan filed a brief in opposition and an amended counterclaim on July 8. Relator did not respond to the amended counterclaim. Respondent heard the summary judgment motion on July 15 and granted it on July 26.

Relator took a non-suit on February 13, 1989, which was entered on February 15.

On March 10, Bryan filed a motion for new trial and later filed cost bonds to perfect their appeal. Bryan's appeal was dis-

missed for want of jurisdiction on July 20 by this court. On September 5, the mandate of dismissal was issued on the judgment.

In early 1991, the Harris County District Clerk's office notified the parties that the suit was subject to dismissal for want of prosecution. Bryan thereafter filed a motion to retain the case on respondent's docket. This was granted on April 5. In response, relator filed a plea to the court's jurisdiction, asserting that respondent's plenary power and jurisdiction over the matter had expired. Respondent denied this motion on August 2 and announced his intention to proceed to trial as the business of the court permitted. Relator contends that this August 2 order is void and that mandamus should issue requiring respondent to set it aside.

The issue is whether respondent has jurisdiction. Bryan contends that he does for two reasons:

1) Since relator's motion for summary judgment did not address all of the counterclaims, the summary judgment was interlocutory; and,

2) Since relator's non-suit was not accompanied by a signed order of dismissal, there was no final, appealable order to trigger the running of the appellate timetable.

 In order for a judgment to be final, it must dispose of all issues and all parties. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). A summary judgment that leaves undisposed issues or parties is interlocutory and not final. *Id.* A summary judgment cannot be granted on a cause of action not specifically addressed in the motion for summary judgment. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983).

 Here, after relator filed its motion for summary judgment on Bryan's counterclaims, Bryan amended its answer and counterclaim to include additional causes of action. Relator did not specifically address these new claims or ask for summary judgment on them. Relator was, therefore, not entitled to summary judgment on the unaddressed issues. However, this is no longer

relevant since respondent disposed of the entire counterclaim in his summary judgment order, and there was no effective appeal. This summary judgment can no longer be set aside.

Respondent's order granting the summary judgment stated that:

after considering such Motion, *"Defendants'/Counter–Plaintiffs' Opposition to Plaintiff's/Counter–Defendant's Motion for Summary Judgment"* filed herein on July 8, 1988, the deposition transcripts and trial testimony referenced in the Motion and the response thereto, the pleadings, admissions and affidavits of the parties, and the argument of counsel, [the Court] was of the opinion that such Motion was well taken and should be granted.

It is accordingly ordered ... that [Bryan] take nothing by their counterclaim. (emphasis added)

This language is neither vague nor ambiguous. It disposes of the entire counterclaim and specifically recites that the court considered Bryan's response to relator's motion for summary judgment filed on July 8. This response referenced and attached as an exhibit Bryan's amended answer and counterclaim. Thus, in considering the response, the court also considered the amended answer and counterclaim. Accordingly, the summary judgment includes the causes of action not addressed in relator's motion. Had Bryan properly presented and prosecuted an appeal, it is likely that the respondent would have been found to have committed error in granting summary judgment on the unaddressed claims. *See Estate of Small v. Southland Life Ins.*, 797 S.W.2d 74, 77 (Tex.App.—Houston [14th Dist.] 1990) *rev'd on other grounds*, 806 S.W.2d 800 (Tex.1991) (per curiam) (court reversed and remanded a summary judgment when a motion for summary judgment failed to address each of the non-movant's causes of action). This did not occur here. After the summary judgment was granted, relator filed and served notice of a non-suit on February 13, 1989. Bryan then appealed. This court dismissed Bryan's appeal for want of jurisdiction on

July 20. The appellant had the burden in that appeal to see that a sufficient record was presented to show that a final judgment had been rendered. Such a record was not presented to this court. *See* TEX. R.APP.P. 50(d). TEX.R.APP.P. 51(a) states that the transcript on appeal shall include the judgment of the trial court or other order appealed from. Here, Bryan failed to include a copy of the summary judgment order, or other final order, in the transcript. Because the transcript was incomplete, this court could not determine if there were any pending adverse claims at the time relator filed his non-suit. Following the dismissal, Bryan did nothing to correct or supplement the record in order to invoke this court's jurisdiction.

▮ When relator filed its notice of non-suit, respondent's interlocutory summary judgment order became final and appealable. Rule 162 of the Texas Rules of Civil Procedure states in relevant part:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process *without necessity of court order.*

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.... (emphasis added)

It is undisputed that relator's non-suit was filed, served and entered in the minutes. No court order was necessary to effect a final judgment. The filing of a non-suit effects an immediate dismissal of the lawsuit. *See Taliaferro v. Smith*, 804 S.W.2d 548 (Tex.App.—Houston [14th Dist.] 1991, no writ). A plaintiff may end an entire lawsuit by a non-suit unless the defendant has a claim for affirmative relief pending at the time the motion for non-suit is filed. *Progressive Ins. Companies v. Hartman*, 788 S.W.2d 424, 427 (Tex.App.—Dallas 1990, no writ). A claim is "pending" until it is finally and conclusively disposed of.

*Tri–M Erectors v. Clearwater Constructors*, 788 S.W.2d 906, 908 (Tex.App.—Dallas 1990, writ denied). The summary judgment order conclusively disposed of Bryan's counterclaim, so that no claim remained except that of the relator. Respondent had the power to dispose of the entire counterclaim, and his order that Bryan "take nothing," even if it was erroneous, was final as to those claims. *Georgetown Assoc. v. Home Fed. Sav. & Loan Assoc.*, 795 S.W.2d 252, 253 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

A recent decision by the Tyler Court of Appeals recognized that the trial court maintains jurisdiction for thirty days after a motion for non-suit is filed. *Missouri Pacific R. Co. v. Whitaker*, 815 S.W.2d 348, 349 n. 2 (Tex.App.—Tyler 1991, mand. motion over). After relator filed and served notice of its non-suit, Bryan filed a motion for new trial and an appeal bond. This indicates Bryan believed relator's non-suit resulted in a final appealable order. This is correct under Rule 329b. *See* TEX. R.CIV.P. 329b. Respondent's August 2, 1991, order reinstating the case occurred far beyond the 105 days permitted by Rule 329b. Thus respondent had lost its plenary power and jurisdiction in the underlying cause. The August 2 order is void for want of jurisdiction. Respondent is directed to set aside that order and to take no further action in this cause.

A writ of mandamus will issue only if respondent fails to vacate his prior order.