**Kathy HICKS, Appellant,**

v.

**Juan F. CANESSA, M.D., Appellee.**

**No. 08–91–00234–CV.**

Court of Appeals of Texas, El Paso.

Feb. 26, 1992.

Thomas A. Spieczny, El Paso, for appellant.

David D. Burtner, Mary C. Baker, Dudley, Dudley & Windle, El Paso, for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of the physician in a malpractice claim. We affirm.

Ms. Hicks suffered a herniated disk that was operated upon in December of 1988. Dr. Howard Lee, the surgeon, mistakenly incised into the wrong vertebral level. Certain complications, including spinal fluid leakage, were effectuated in the process. This required surgical correction. The originally contemplated surgery was accomplished at a some five inch lower level. Dr. Canessa was the anesthesiologist at the misdirected surgery. The surgeon, the assistant surgeon, the hospital and Dr. Canessa were sued. Dr. Canessa's case was severed and favored by a summary judgment.

The thrust of the Appellant's argument for error is that the surgery could not begin without the anesthesiologist's expressed permission to proceed. At the time such authorization was given, Dr. Canessa did not make certain the assistant surgeon was present. The absence of a assistant surgeon is a violation of the hospital policies, and, therefore, is evidence of a lack of proper medical standard of care. The absence of the assistant surgeon allowed the surgeon to misjudge the entry point and was a proximate cause of the injury.

There are four elements that must be proven to prevail on a medical malpractice cause of action: (1) a duty by the physician to act according to certain standards; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and injury. *White v. Wah,* 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ).

Appellant presented the depositional testimony of Dr. Canessa that he gave the surgeon permission to proceed. The import of this evidence is that the anesthesiologist must make certain that the patient is properly positioned, stabilized and anesthetized to allow the operation to proceed. There is no inference from this evidence that the anesthesiologist is the superintendent of the surgery.

■ Hospital rules do not reflect the community standard of medical care. A particular institution might maintain a higher standard of care in its operations than the prevailing community standard. *Hilzendager v. Methodist Hospital*, 596 S.W.2d 284, 286 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Therefore, any hospital requirement that the assistant surgeon be present is not evidence of the standard of medical care.

■ In his affidavit, Dr. Canessa stated that to exercise the proper standard of care for an anesthesiologist under the circumstances, it is necessary to constantly monitor the patients vital signs and administrate the anesthetic apparatus. To constitute competent summary judgment proof, the medical expert's testimony must be clear, positive and direct, otherwise credible, free from contradictions and inconsistencies and of a subject matter that the trier of fact must be guided by the opinion testimony of an expert. Tex.R.Civ.P. 166a(c). The evidence must also be such that it could have been readily controverted by the non-movant. *Cedillo v. Jefferson*, 802 S.W.2d 866 (Tex.App.—Houston [1st Dist.] 1991, writ denied). This testimony of Dr. Canessa is of a nature which could have been effectively countered by opposing evidence. The credibility of the deponent is not likely to be a dispositive factor in the resolution of the case. *Casso v. Brand*, 776 S.W.2d 551 (Tex.1989). In absence of controverting proof, summary judgment may be proper. *Id.*

■ A summary judgment is proper if the defendant's summary judgment evidence shows at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff.

*Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987). The defendant/movant has established that there was no breach of standard of care.

Judgment of the trial court is affirmed.

BARAJAS, Justice, concurring.

I approve of the majority's holding; however, I would additionally affirm on procedural grounds.

Rule 166a(c) of the Texas Rules of Civil Procedure provides in pertinent part:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

A Motion for Summary Judgment is properly granted only if the motion and its supporting affidavits show that the movant is entitled to judgment as a matter of law. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Mayo v. John Hancock Mutual Life Insurance Company of Boston, Mass.*, 711 S.W.2d 5, 6 (Tex.1986).

In a medical malpractice cause of action, the plaintiff must prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. The majority correctly states that in order to do so, the plaintiff must prove four elements:

- a duty by the physician to act according to a certain standard;
- a breach of the applicable standard of care;
- an injury; and
- a causal connection between the breach of care and injury.

Thus, in order to succeed on summary judgment as a defendant, Dr. Canessa must disprove as a matter of law, one or more of the elements of the claim being asserted by Hicks. *Anderson*, 808 S.W.2d

at 55; *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975).

As noted in the majority opinion, Dr. Canessa, in his affidavit in support of summary judgment, stated that to exercise the proper standard of care for an anesthesiologist under the circumstances in the instant case, it is necessary to constantly monitor the patient's vital signs and administrate the anesthetic apparatus. Such affidavit, which goes to an essential element in proving a medical malpractice case, constitutes competent summary judgment proof, subject to being readily controverted by the non-movant. Tex.R.Civ.P. 166a(c).

If the movant presents legally sufficient evidence from an expert witness in support of a motion for summary judgment, the non-movant must produce other expert testimony to controvert the claims. *Anderson*, 808 S.W.2d at 55. Conclusions of a lay witness are not competent evidence to controvert expert opinion evidence. *Nicholson v. Memorial Hospital System*, 722 S.W.2d 746, 751 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Instead of relying on expert testimony as to the proper standard of care for an anesthesiologist under the circumstances in the instant case, the Appellant relies upon the conclusions of lay witnesses and counsel, possibilities and inferences, all of which are incompetent summary judgment evidence to counter expert testimony given by Dr. Canessa in his supporting affidavit. *White v. Wah*, 789 S.W.2d 312 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Shook v. Herman*, 759 S.W.2d 743 (Tex.App.—Dallas 1988, writ denied); *Pinckley v. Gallegos*, 740 S.W.2d 529 (Tex.App.—San Antonio 1987, writ denied). The issue pertaining to the proper standard of care for an anesthesiologist under the circumstances in the instant case is one which could have been readily controverted. The Appellant, in his response to the Appellee's Motion for Summary Judgment, failed to present competent evidence.

For these reasons, as well as those expressed by the majority, I would affirm the judgment of the trial court.