**Maria Ramona LOPEZ, Appellant,**

**v.**

**MOTEL 6 G.P., INC., and Motel 6 Operating L.P., a Delaware Limited Partnership, d/b/a Motel 6, Appellees.**

**No. 08–95–00068–CV.**

Court of Appeals of Texas,
El Paso.

Jan. 4, 1996.

Rehearing Overruled Feb. 7, 1996.

Jose Montes, Jr., Volk & Montes, El Paso, for appellant.

Larry W. Hicks, Monty Kimball, Hicks & Associates, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a summary judgment in favor of Appellees. Appellant sued Appellees for injuries allegedly arising as a result of a slip and fall in the shower. Appellees moved for summary judgment, which the trial court granted. We affirm in part, and reverse and remand in part.

## I. SUMMARY OF THE EVIDENCE

On June 19, 1990, Appellant was allegedly injured as a result of a slip and fall at Appellees' motel in El Paso, Texas. The accident occurred as Appellant was stepping into the shower stall to take a shower. Appellant alleges that she stepped into the shower first with her left foot, felt that the floor was slippery, took her robe off, put her right foot in, and then slipped and fell. In attempting to prevent her fall, Appellant grabbed the faucet, turning on the water.[1] Although Appellant avers that the floor was not wet when she stepped into the shower, she asserts that the floor was more or less "like—after you have mopped and there is still soap on the floor."

Appellees allege that on the date of the incident, the room where Appellant fell was cleaned and checked by a supervisor prior to Appellant's arrival. In its summary judgment evidence, Appellees offered the affidavit of the hotel manager, Betty Strange. Mrs. Strange contended that immediately after the incident, she inspected the shower and found it to be clean and without cracks or debris. She further averred that she "never had a complaint that the showers were slippery or that they present an unreasonably dangerous condition prior to or after the date Ms. Lopez claims she fell."

Appellant brought suit against Appellees, Sun Control Tile Company and Venus Manufacturing Company on theories of negligence and products liability. Appellees moved for summary judgment, which the trial court granted. Thereafter the court signed an order for severance of action, rendering the summary judgment final and appealable.

## II. DISCUSSION

Appellant attacks the judgment of the trial court in two points of error, contending that the trial court erred in granting summary judgment because genuine issues of material fact exist as to Appellant's negligence claim. We begin with the standards we employ to review a summary judgment.

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.

---

1. It is undisputed that there were no rods or bars in the shower which Appellant could have grasped to prevent her fall.

1985); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d 466, 469 (Tex.App.—El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of plaintiff's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of plaintiff's cause or claim. *Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex. 1970).

■ In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548-49; *DeLuna v. Guynes Printing Co.,* 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d at 469.

In her first point of error, Appellant contends that in a summary judgment proceeding, the affidavit of an interested witness, such as Mrs. Strange, is of no probative value and precludes the granting of summary judgment.

■ Summary judgment may be granted on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."[2] TEX.R.CIV.P. 166a(c); *see Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989); *Hicks v. Canessa,* 825 S.W.2d 542, 544 (Tex.App.—El Paso 1992, no writ). The language "could have been readily controverted" "does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather, it means that testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso,* 776 S.W.2d at 558; *see Hamamcy v. Wyckoff Heights Hosp.,* 786 S.W.2d 32, 34 (Tex.App.—Fort Worth 1990, writ denied). Summary judgment is inappropriate if the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case. *Casso,* 776 S.W.2d at 558; *Winkler v. Kirkwood Atrium Office Park,* 816 S.W.2d 111, 114 (Tex.App.— Houston [14th Dist.] 1991, writ denied). "[S]ummary judgment may be proper if the nonmovant must come forth with independent evidence in order to prevail but fails to do so." *Hamamcy,* 786 S.W.2d at 34; *see Casso,* 776 S.W.2d at 558 (asserting that "if the non-movant must, in all likelihood, come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof").

■ In her affidavit, Ms. Strange stated that the shower in question "was clean and did not contain any cracks or debris." She further asserted that all of the rooms at the hotel have the same type of showers and that she "never had a complaint that the showers were slippery or that they present an unreasonably dangerous condition prior to or after the date Ms. Lopez claims she fell." Ms. Strange put forth these assertions to show that Appellees had no actual or constructive knowledge of the condition on the premises. *See also Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); *Wyatt v. Furr's Supermarkets, Inc.,* 908 S.W.2d 266, 268 (Tex. App.—El Paso 1995, no writ). This testimony could have been effectively countered by opposing evidence. Since Appellant presented no controverting proof, summary judgment was proper under the circumstances. *See Casso,* 776 S.W.2d at 558; *Washington v. McMillan,* 898 S.W.2d 392, 395-96 (Tex. App.—San Antonio 1995, no writ); *Hicks,* 825 S.W.2d at 544 (noting that "[i]n absence

---

**2.** Application of the final prong often puts courts in a quandary. If read too literally, a summary judgment will become more difficult to obtain as plaintiff's chance to prevail on the merits becomes more implausible. *Casso,* 776 S.W.2d at 558. As such, the purpose of summary judgment will be destroyed because those actions with the least chance of success are the most likely to be given a full trial.

of controverting proof, summary judgment may be proper"); *Hamamcy,* 786 S.W.2d at 34. Accordingly, we overrule Appellant's Point of Error No. One.

■ In her second point of error, Appellant argues that the trial court erred in granting Appellees' motion for summary judgment because fact issues exist which preclude Appellees from establishing their right to judgment as a matter of law. The elements of a premises liability cause of action are: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch,* 845 S.W.2d at 264; *Wyatt,* 908 S.W.2d at 268.

■ Appellees' grounds in its motion for summary judgment were as follows:

(1) the condition did not pose an unreasonable risk of harm, and

(2) Appellees had no knowledge of the dangerous condition, if any.

We note that the trial court's orders do not state the specific grounds upon which summary judgment was granted. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enter. Inc.,* 772 S.W.2d 76, 79 (Tex.1989). Thus, Appellant must establish that each independent argument advanced in Appellees' motion is insufficient to support the judgment. *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d 629, 632 (Tex.App.—El Paso 1992, no writ); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex.App.—El Paso 1983, no writ).

■ Making all inferences in favor of Appellant, we find no issue of fact as to whether Appellees had actual or constructive knowledge of the allegedly dangerous or slippery condition of the shower stall. As noted previously, the motel manager, in her uncontroverted affidavit, averred that she never had a complaint that the showers were slippery. Moreover, Appellant asserted the following in her affidavit:

Q. Do you have any knowledge of whether the people at Motel 6 knew that the shower was slippery?

A. They probably—maybe they didn't.

Q. You don't know if they do or not, right?

A. No.

Q. Do you think the Motel 6—that Motel 6 people are at fault for your injury?

A. No, I'm not blaming them.

Q. Was it just an accident?

A. Of course. As it could have happened on the street or in my own home.

Additionally, upon review of the record before us, we find nothing indicating that anyone had fallen in the shower or complained of the condition prior to Appellant's fall. In conclusion, we hold that Appellees' summary judgment proof negated the second element of Appellant's cause of action—that Appellees had knowledge of the allegedly dangerous condition of the shower.

Finally, Appellant contends that Appellees failed to address all of Appellant's theories of negligence in their motion for summary judgment. We agree. Appellant directs our attention to paragraph VI of her third amended original petition, which provides, in pertinent part:

Further, Defendant's (sic) failed to provide adequate slip resistant mats and/or slip resistant appliques or other devices. In addition Defendants failed to install adequate hand railings and/or grips in the shower.

. . . . .

Plaintiff alleged (sic) that the defect in design was a producing cause of the injuries and damages set forth below.

The Texas Rules of Civil Procedure allow for pleading in the alternative. "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both." TEX.R.CIV.P. 48. In liberally construing Appellant's third amended original petition and in indulging every reasonable inference in favor of Appellant, we

conclude that Appellant raised an alternate theory of recovery—that the "failure to provide safety devices" was a producing cause of the injuries and damages.

■ In their motion for summary judgment, Appellees failed to set forth grounds addressing Appellant's alternate theory of recovery. A motion for summary judgment must expressly present the grounds upon which it is made. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *see Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990) ("[T]he motion [for summary judgment] must identify or address the cause of action or defense and its elements."); *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ denied) ("There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he seeks to win a lawsuit without a trial. If the grounds are so obvious from the summary judgment proof, what is burdensome about requiring the movant to state them in the motion? Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion."). Accordingly, we sustain Appellant's Point of Error No. Two only to the extent that Appellees' motion for summary judgment fails to address Appellant's "failure to provide safety devices" claim, as per the *McConnell* mandate. We overrule Appellant's Point of Error No. Two to the extent that it addresses the alleged dangerous or slippery condition of the shower stall floor.

Having overruled Appellant's Point of Error No. One and Point of Error No. Two to the extent that it addresses the alleged dangerous or slippery condition of the shower stall floor, but sustaining that portion of the second point of error to the extent that Appellees' motion for summary judgment fails to address Appellant's "failure to provide safety devices" claim, we affirm the judgment of the trial court in part, reverse in part and remand the remaining claim to the trial court.