# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00053-CV

**Sheila Hayes and Edwin Hayes, Appellants**

**v.**

**Vista Host, Inc. and Hampton Inn, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-05-002371, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Spouses Sheila and Edwin Hayes appeal from a final summary judgment that they take nothing on claims arising from Ms. Hayes's alleged slip-and-fall in a hotel room bathtub. The Hayeses contend that genuine issues of material fact preclude summary judgment and that the purported final judgment did not dispose of all claims and parties. We will affirm the judgment.

## BACKGROUND

Ms. Hayes's alleged slip-and-fall occurred during the evening of July 11, 2003, while she was staying as a guest in a room at a Hampton Inn located on Braker Lane in Austin. Ms. Hayes claimed that as she was showering in the room's shower and bathtub area, she slipped, fell, and injured herself. Ms. Hayes alleged that she and her mother, Mary Folley, who had rented the room and was also staying there, examined the bathtub thereafter and found that "the bathtub surface was very slick and that this surface was not slip resistant." Ms. Hayes sought recovery of personal-

injury damages under a premises liability theory of negligence, pleading that the "slick condition of the bathtub" constituted an unreasonable risk of harm of which the hotel had actual or constructive notice, yet failed to correct or warn her about the risk, proximately causing her personal injuries. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (describing elements of premises-liability cause of action when plaintiff is an invitee).[1]

Ms. Hayes named as the defendant "a business entity doing business as an inn under the name Hampton Inn at 3908 West Braker Lane in Austin." The summary-judgment record reflects that Hampton Inn is a nationwide franchise of the Hilton Hotels Corporation[2] and that the hotel at issue is one of several Hampton Inns in Texas operated and managed by appellee Vista Host, Inc. The record further reflects that the Hampton Inn in question is owned by a limited partnership in which Vista Host is the managing partner.[3]

Hampton Inn filed a no-evidence motion for summary judgment, challenging the evidence supporting each element of Ms. Hayes's premises-liability claim. *See* Tex. R. Civ. P. 166a(i). Ms. Hayes timely filed a response with evidence. Subsequently, she timely filed an

---

[1] There is no dispute that, as a hotel guest, Ms. Hayes was an invitee. *See Motel 6 G.P. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). A premises owner generally owes invitees a duty to protect them from not only those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection. *Id.*

[2] Initially, Ms. Hayes also sued Hilton Hotels Corporation, but subsequently non-suited that defendant.

[3] Appellees represent in their brief that Vista Host is the franchisee and owner of the Hampton Inn in question. We find no record support for these assertions. To the contrary, the sole summary-judgment evidence on that point—the deposition testimony of Vista Host's vice-president of operations, Nancy Spoltore—indicates that the hotel was owned by a limited partnership in which Vista Host was managing partner. Neither Spoltore nor any other witness identified the name of the limited partnership.

amended petition in which Ms. Hayes's husband, Edwin Hayes, joined as a plaintiff and asserted a claim for loss of consortium.

A hearing on Hampton Inn's summary-judgment motion was held on September 27, 2007. The district court granted the motion by order on October 10, 2007. The order did not specify the grounds on which the district court granted the motion. The order stated that "JUDGMENT in this cause be entered against Plaintiff Sheila M. Hayes on her claims against HAMPTON INN" and that the order "disposes of the case and future activity scheduled in the above cause of action."

The Hayeses subsequently filed a "motion to modify judgment." While observing that the summary-judgment order "seems to indicate that the Court intended to dispose of the entire case and that the case was therefore suitable for appeal," they urged this language was in error because the ruling had not disposed of Edwin Hayes's loss-of-consortium claim. The Hayeses also asserted that Vista Host remained as a defendant in the action. Although the Hayeses had not filed a pleading asserting claims against Vista Host as an entity distinct from "Hampton Inn," defense counsel, after filing an original answer on behalf of "Hampton Inn," had filed a "first amended original answer" on behalf of "Vista Host, Inc.," before filing the no-evidence summary judgment motion for "Hampton Inn." The Hayeses reasoned that Vista Host was an entity separate from "Hampton Inn," that Vista Host had entered an appearance in the action, and that Vista Host had remained in the action because it had not sought summary judgment. The district court overruled the Hayeses' motion to modify by written order stating that its earlier order "stands, and is final as to all parties and claims." This appeal ensued.

3

## DISCUSSION

The Hayeses bring five issues on appeal. In their first four issues, the Hayeses argue that the summary-judgment evidence presents a genuine issue of material fact as to each element challenged in Hampton Inn's no-evidence motion; respectively, (1) whether the asserted slippery condition of the bathtub posed an unreasonable risk of harm; (2) whether Hampton Inn had actual or constructive knowledge of the condition; (3) whether Hampton Inn failed to exercise reasonable care to reduce or eliminate the risk; and (4) whether Hampton Inn's failure to use such care proximately caused Ms. Hayes's injuries. *See Daenen*, 15 S.W.3d at 99. In their fifth issue, the Hayeses complain that the district court's summary-judgment order, while final for appellate purposes, in fact did not dispose of all parties and claims.

### Summary judgment

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial, and (2) the non-movant fails to produce more than a scintilla of summary-judgment evidence raising a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004,

4

no pet.).  That is, we will affirm a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact; (2) we are barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact.  *King Ranch*, 118 S.W.3d at 751.  More than a scintilla of supporting evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions.  *Id*.  "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact."  *Id.*  (*quoting Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).  We view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences.  *Id*. (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

The district court did not specify any particular ground on which it relied when granting the motion.  Consequently, we will affirm the judgment on any ground that is meritorious.  *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).  On appeal, appellants challenge each of the grounds presented in Hampton Inn's motion.  In response, appellees rely only on the first two grounds in support of the judgment, contending there is no evidence of the existence of an unreasonably dangerous condition or of Hampton Inn's actual or constructive notice of such a condition.  We need only address the element of notice.

The asserted "unreasonably dangerous condition" on which the Hayeses predicate their claims is what they contend was a dangerously slippery surface on the floor of the bathtub while Ms. Hayes was showering.  The Hayeses urge that Hampton Inn's constructive knowledge of

5

that condition can be inferred from its actual or constructive knowledge that the bathtub where Ms. Hayes fell lacked any non-slip or "gripping" surface at the time of the incident. *See City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536-37 (Tex. 1996) (per curiam).

The Hayeses' summary-judgment proof included deposition testimony from Vista Host's vice-president of operations, Nancy Spoltore, and the Braker Lane Hampton Inn's head of housekeeping, Lain Lewis. Both testified that every bathtub unit placed in the hotel's rooms when it was constructed in 1997 had a previously installed non-slip textured surfacing. Lewis testified that one could feel the non-slip surfacing when rubbing a hand over it and that it "grips even better when it's wet." Lewis testified that he would periodically test the non-slip surfacing in the hotel's tubs by first feeling the dry surface for the texturing, then running water in the tub and putting pressure on his hand to see if it slipped. Spoltore and Lewis added that the tubs or their surfacing had not been changed or modified in the six years between the hotel's construction and Ms. Hayes's fall.

Lewis testified that he tested the bathtub where Ms. Hayes fell in this manner on the morning after the incident and determined it to be "normal"—he felt the non-slip textured surfacing and his hand did not slip when he applied pressure. However, the Hayeses presented contrary affidavit testimony of both Ms. Hayes and her mother. Ms. Hayes averred that after her fall:

> I inspected the bathtub after the fall and the surface of the floor was very slick. The bathtub floor was not equipped with a non-slip surface. For purposes of this affidavit, the term non-slip surface includes but is not limited to a surface that gripped the skin. The bathtub floor did not have a surface that gripped the skin of the foot to prevent a person from slipping.

Folley's affidavit was substantively identical regarding the condition of the bathtub surface, although she added that "I did not take a shower that night after Sheila Hayes fell because I was afraid I might fall." The Hayeses also presented excerpts from Ms. Hayes's deposition. Ms. Hayes described falling backwards out of the tub onto the bathroom floor after she had washed and rinsed a foot, stepped down with it, and had both feet slip out from underneath her. Ms. Hayes did not further elaborate on the condition of the bathtub surface other than to state, "There was no gripping in there."

Under our standard of review, we must credit Ms. Hayes's and Folley's statements that, when they each inspected the bathtub in the aftermath of Ms. Hayes's fall, it lacked any surface that gripped the skin to prevent a person from slipping. However, even if this evidence raises a fact issue as to the existence of an unreasonably dangerous condition in the tub when Ms. Hayes fell, it remains that the Hayeses were required to present evidence that Hampton Inn had actual or constructive notice of that condition. *See Daenen*, 15 S.W.3d at 101 ("The duty owed by an owner or occupier of a premises to an invitee is not that of an insurer. The duty owed is to exercise reasonable care to protect against danger from a condition on the [property] that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover.") (citations omitted). The Hayeses did not present evidence that Hampton Inn had any prior knowledge or notice that the bathtub where Ms. Hayes fell was dangerous, slippery, or lacked or had a deficient non-slip surface—or that any such problems existed with any bathtub in the hotel. To the contrary, they presented Lewis's deposition testimony that he had never been placed on notice of such a problem at any Hampton Inn during his eighteen years of employment

7

at those hotels. *See Lopez v. Motel 6 G.P., Inc.*, 932 S.W.2d 76, 79 (Tex. App.—El Paso 1996) (in similar hotel slip-and-fall case, affirming traditional summary judgment where hotel executive housekeeper presented uncontroverted affidavit testimony that she "never had a complaint that the showers were slippery or that they present an unreasonably dangerous condition"), *rev'd on other grounds*, 929 S.W.2d 1, 3 (Tex. 1996). Nor is there any direct evidence as to how long the condition existed before Ms. Hayes fell. *See Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) (describing time-notice rule governing when constructive notice can be inferred based on length of time unreasonably dangerous condition existed).

The time-notice rule requires evidence of the length of time the unreasonably dangerous condition existed prior to the injury-causing event. *See id.* The Hayeses urge that their summary-judgment evidence is sufficient to support the inference that the absent or deficient condition of the non-slip surfacing in the bathtub where Ms. Hayes fell must have existed for a sufficiently long period of time that Hampton Inn should be charged with knowledge of it because "[o]bviously, a problem with the slickness of the bathtub surface would only occur over a long period of time and would not occur overnight." However, the Hayeses have not presented any competent summary-judgment evidence to support an inference as to how long any such problem had existed.

In their affidavits, Ms. Hayes and Folley make identical statements that, "If the bathtub had ever been supplied with a non-slip surface, the non-slip surface had gradually worn away over time and was no longer present." Hampton Inn argues on appeal that Ms. Hayes's and Folley's affidavits are not competent summary-judgment evidence. At least as to their assertions

8

that the bathtub came to lack a non-slip surface because it "had gradually worn away," we agree with Hampton Inn. Ms. Hayes and Folley do not supply any underlying facts to support their opinions as to how the bathtub came to lack a non-slip surface. These are mere unsupported statements of a conclusion. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937-38 (Tex. 1998) (testimony that macaroni on grocery store aisle floor "seemed like it had been there awhile" was "mere speculative, subjective opinion of no evidentiary value"). Affidavits containing unsubstantiated factual or legal conclusions or subjective beliefs that are not supported by evidence are not competent summary-judgment proof. *See, e.g.*, *Rizkallah v. Conner*, 952 S.W.2d 580, 586-88 (Tex. App.—Houston [1st Dist.] 1997, no writ). Although the Hayeses contend that Hampton Inn waived this complaint by failing to object or obtain a ruling from the district court, it was not required to preserve this complaint with an objection in order to raise it on appeal. *Id.*

The Hayeses presented no other proof from which a fact-finder could draw a reasonable inference as to how long the bathtub had lacked a non-slip surface. The record is silent, for example, as to the properties of the non-slip surface; whether, how, or how quickly it would degrade or erode; whether or how someone could remove it; who or what could have removed it or caused it to degrade; or the presence or absence of any phenomena or factors that would bear on these facts.[4] As far as we can tell from this record, it is equally probable that the non-slip surface had been removed or degraded to a point of dangerousness moments before Ms. Hayes's fall as it

---

[4] Lain did testify that the non-slip surfacing might or might not be *visible* "depend[ing] on the cleaning maybe of the housekeeper," adding that "you can clean it and you can look at the glare and you can see it, and if you stand up over it, you might not see it." Beyond this, Lain gave no indication that cleaning methods had any impact on the non-slip surfacing.

is that the surface had been gradually deteriorating over a long period of time.[5]  Without more to permit a fact-finder to choose among these alternative inferences, there is no evidence as to the length of time the bathtub had lacked a non-slip surface and would create a dangerously slippery condition when used.  *See Gonzalez*, 968 S.W.2d at 937-38; *see also Daenen*, 15 S.W.3d at 102-03 (premises owner's knowledge that premises will deteriorate over time does not alone establish its constructive knowledge that premises did so and created an unreasonably dangerous condition).  Consequently, the Hayeses did not meet their burden to present evidence raising a genuine issue of material fact that Hampton Inn had constructive knowledge of the condition.  We overrule the Hayeses' second issue.  Because summary judgment can stand on the notice element alone, we need not reach the Hayeses' issues pertaining to other elements of their premises-liability claims.

**Scope of summary judgment**

In their fifth issue, the Hayeses contend that the summary-judgment order was final but erroneous because it did not dispose of all parties and claims.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001).  Specifically, the Hayeses argue that Vista Host, which had appeared in the cause by filing an answer under its own name, never sought summary judgment and that Hampton Inn's summary-judgment motion did not address Edwin Hayes's loss-of-consortium claim.  *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)

---

[5]  The Hayeses also suggest that the absence of the non-slip surface in the bathtub when Ms. Hayes fell can alone support the inference that the tub lacked the surface when installed six years earlier.  If it can, such an inference, on this record, would be no more probable than the inference that the condition arose shortly before Ms. Hayes's fall.

(summary judgment must stand or fall solely on grounds expressly presented in the motion). These contentions are without merit.

The Hayeses' live pleading at the time of the summary-judgment hearing and order was their first amended original petition, which they filed on August 16, 2007. In neither this pleading nor the original petition filed by Ms. Hayes alone did the Hayeses assert claims against Vista Host as an entity distinct from "Hampton Inn."[6] The Hayeses filed their first amended petition after defense counsel had filed the "first amended original answer" on behalf of Vista Host. Consequently, if that answer had constituted an appearance by Vista Host as an entity distinct from "Hampton Inn," the Hayeses' subsequent filing of their first amended original petition asserting claims solely against "Hampton Inn" would have constituted a non-suit of any claims against Vista Host as a separate entity. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972); *Molina v. Kelco Tool & Die*, 904 S.W.2d 857, 859-60 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Consequently, Vista Host was no longer a party when the district court rendered summary judgment.

As for Edwin Hayes's loss-of-consortium claim, it is true that the claim first appeared in the Hayeses' first amended original petition, which was filed after Hampton Inn filed its summary-judgment motion. Hampton Inn did not thereafter amend or supplement its summary-judgment motion to address the newly added consortium claim. Generally, a movant who does not amend or supplement its pending summary-judgment motion to address newly added claims is not entitled to summary judgment on those claims. *See Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d

---

[6] Although the district court's docket sheet reflects that the Hayeses sought leave to file a subsequent amended petition, neither this pleading nor any order granting leave to file an amended petition appears in the appellate record.

11

584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 88 (Tex. App.—Houston [1st Dist.] 1996, writ denied). In such an instance, the portion of the summary judgment purporting to be final must generally be reversed because the judgment grants more relief than requested in the motion. *See Lehmann*, 39 S.W.3d at 200; *Blancett*, 177 S.W.3d at 592; *see also McConnell*, 858 S.W.2d at 341. One exception to this rule applies, however, when a previously filed no-evidence summary-judgment motion already challenges an essential element of a later-added claim. *See Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 436-37 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Similarly, "[c]ourts have granted summary judgments on causes of action not specifically addressed in a movant's motion if the movant has conclusively disproven an ultimate fact which is central to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action." *Smith v. Heard*, 908 S.W.2d 693, 698-99 (Tex. App.—San Antonio 1998, pet. denied) (citing Timothy Patton, *Summary Judgments in Texas—Practice, Procedure, and Review* § 3.06[3] (2d ed. 1996); *Judwin Prop., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 502-03 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Mackie v. McKenzie*, 900 S.W.2d 445, 451 (Tex. App.—Texarkana 1995, writ denied); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied)). Such is the case with Edwin Hayes's loss-of-consortium claim.

A loss-of-consortium claim is a derivative claim that is in the nature of an element of damages. *See Whittlesey v. Miller*, 572 S.W.2d 665, 666 n.1 (Tex. 1978). Edwin Hayes's right to recover for loss of consortium depends on whether Sheila could prove the elements of her premises-liability cause of action. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 217 (Tex. 1999).

12

Consequently, Hampton Inn's no-evidence motion challenging these elements was sufficient to address Edwin Hayes's later-added loss-of-consortium claim without need to amend. *See Lampasas*, 988 S.W.2d at 436-37. Summary judgment on both Sheila's and Edwin's claims was appropriate. *Id.*

We overrule the Hayeses' fifth issue.

## CONCLUSION

Having overruled all of the Hayeses' issues on appeal, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   March 20, 2009

13