TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00053-CV






Sheila Hayes and Edwin Hayes, Appellants


v.


Vista Host, Inc. and Hampton Inn, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-05-002371, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Spouses Sheila and Edwin Hayes appeal from a final summary judgment that they
take nothing on claims arising from Ms. Hayes's alleged slip-and-fall in a hotel room bathtub. The
Hayeses contend that genuine issues of material fact preclude summary judgment and that the
purported final judgment did not dispose of all claims and parties. We will affirm the judgment.


BACKGROUND


 Ms. Hayes's alleged slip-and-fall occurred during the evening of July 11, 2003, while
she was staying as a guest in a room at a Hampton Inn located on Braker Lane in Austin. Ms. Hayes
claimed that as she was showering in the room's shower and bathtub area, she slipped, fell, and
injured herself. Ms. Hayes alleged that she and her mother, Mary Folley, who had rented the room
and was also staying there, examined the bathtub thereafter and found that "the bathtub surface
was very slick and that this surface was not slip resistant." Ms. Hayes sought recovery of personal-injury damages under a premises liability theory of negligence, pleading that the "slick condition of
the bathtub" constituted an unreasonable risk of harm of which the hotel had actual or constructive
notice, yet failed to correct or warn her about the risk, proximately causing her personal injuries. See
CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000) (describing elements of premises-liability cause of action when plaintiff is an invitee). (1)

 Ms. Hayes named as the defendant "a business entity doing business as an inn
under the name Hampton Inn at 3908 West Braker Lane in Austin." The summary-judgment record
reflects that Hampton Inn is a nationwide franchise of the Hilton Hotels Corporation (2) and that the
hotel at issue is one of several Hampton Inns in Texas operated and managed by appellee Vista Host,
Inc. The record further reflects that the Hampton Inn in question is owned by a limited partnership
in which Vista Host is the managing partner. (3)

 Hampton Inn filed a no-evidence motion for summary judgment, challenging
the evidence supporting each element of Ms. Hayes's premises-liability claim. See Tex. R. Civ. P.
166a(i). Ms. Hayes timely filed a response with evidence. Subsequently, she timely filed an
amended petition in which Ms. Hayes's husband, Edwin Hayes, joined as a plaintiff and asserted a
claim for loss of consortium.

 A hearing on Hampton Inn's summary-judgment motion was held on September 27,
2007. The district court granted the motion by order on October 10, 2007. The order did not specify 
the grounds on which the district court granted the motion. The order stated that "JUDGMENT in
this cause be entered against Plaintiff Sheila M. Hayes on her claims against HAMPTON INN" and
that the order "disposes of the case and future activity scheduled in the above cause of action." 

 The Hayeses subsequently filed a "motion to modify judgment." While observing
that the summary-judgment order "seems to indicate that the Court intended to dispose of the entire
case and that the case was therefore suitable for appeal," they urged this language was in error
because the ruling had not disposed of Edwin Hayes's loss-of-consortium claim. The Hayeses
also asserted that Vista Host remained as a defendant in the action. Although the Hayeses had not
filed a pleading asserting claims against Vista Host as an entity distinct from "Hampton Inn,"
defense counsel, after filing an original answer on behalf of "Hampton Inn," had filed a "first
amended original answer" on behalf of "Vista Host, Inc.," before filing the no-evidence summary
judgment motion for "Hampton Inn." The Hayeses reasoned that Vista Host was an entity separate
from "Hampton Inn," that Vista Host had entered an appearance in the action, and that Vista Host
had remained in the action because it had not sought summary judgment. The district court
overruled the Hayeses' motion to modify by written order stating that its earlier order "stands, and
is final as to all parties and claims." This appeal ensued.

 

DISCUSSION


 The Hayeses bring five issues on appeal. In their first four issues, the Hayeses
argue that the summary-judgment evidence presents a genuine issue of material fact as to each
element challenged in Hampton Inn's no-evidence motion; respectively, (1) whether the asserted
slippery condition of the bathtub posed an unreasonable risk of harm; (2) whether Hampton Inn had
actual or constructive knowledge of the condition; (3) whether Hampton Inn failed to exercise
reasonable care to reduce or eliminate the risk; and (4) whether Hampton Inn's failure to use such
care proximately caused Ms. Hayes's injuries. See Daenen, 15 S.W.3d at 99. In their fifth issue,
the Hayeses complain that the district court's summary-judgment order, while final for appellate
purposes, in fact did not dispose of all parties and claims.


Summary judgment

 We review the district court's summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). A no-evidence motion for summary judgment must be granted
if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of
one or more essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial, and (2) the non-movant fails to produce more than a scintilla of
summary-judgment evidence raising a genuine issue of material fact on those elements. Tex. R. Civ.
P. 166a(i). A no-evidence summary judgment is essentially a directed verdict granted before trial, to
which we apply a legal-sufficiency standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750-51 (Tex. 2003); Perdue v. Patten Corp., 142 S.W.3d 596, 603 (Tex. App.--Austin 2004,
no pet.). That is, we will affirm a no-evidence summary judgment when (1) there is a complete
absence of evidence of a vital fact; (2) we are barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital
fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a
vital fact. King Ranch, 118 S.W.3d at 751. More than a scintilla of supporting evidence exists if
the evidence would allow reasonable and fair-minded people to differ in their conclusions. Id. "Less
than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a
mere surmise or suspicion' of a fact." Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). We view the evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences. Id. (citing Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997)).

 The district court did not specify any particular ground on which it relied when
granting the motion. Consequently, we will affirm the judgment on any ground that is meritorious. 
See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). On appeal, appellants
challenge each of the grounds presented in Hampton Inn's motion. In response, appellees rely only
on the first two grounds in support of the judgment, contending there is no evidence of the existence
of an unreasonably dangerous condition or of Hampton Inn's actual or constructive notice of such
a condition. We need only address the element of notice.

 The asserted "unreasonably dangerous condition" on which the Hayeses predicate
their claims is what they contend was a dangerously slippery surface on the floor of the bathtub
while Ms. Hayes was showering. The Hayeses urge that Hampton Inn's constructive knowledge of
that condition can be inferred from its actual or constructive knowledge that the bathtub where
Ms. Hayes fell lacked any non-slip or "gripping" surface at the time of the incident. See City of
San Antonio v. Rodriguez, 931 S.W.2d 535, 536-37 (Tex. 1996) (per curiam).

 The Hayeses' summary-judgment proof included deposition testimony from Vista
Host's vice-president of operations, Nancy Spoltore, and the Braker Lane Hampton Inn's head of
housekeeping, Lain Lewis. Both testified that every bathtub unit placed in the hotel's rooms when
it was constructed in 1997 had a previously installed non-slip textured surfacing. Lewis testified that
one could feel the non-slip surfacing when rubbing a hand over it and that it "grips even better when
it's wet." Lewis testified that he would periodically test the non-slip surfacing in the hotel's tubs
by first feeling the dry surface for the texturing, then running water in the tub and putting pressure
on his hand to see if it slipped. Spoltore and Lewis added that the tubs or their surfacing had not
been changed or modified in the six years between the hotel's construction and Ms. Hayes's fall.

 Lewis testified that he tested the bathtub where Ms. Hayes fell in this manner on
the morning after the incident and determined it to be "normal"--he felt the non-slip textured
surfacing and his hand did not slip when he applied pressure. However, the Hayeses presented
contrary affidavit testimony of both Ms. Hayes and her mother. Ms. Hayes averred that after her fall: 


I inspected the bathtub after the fall and the surface of the floor was very slick. The
bathtub floor was not equipped with a non-slip surface. For purposes of this
affidavit, the term non-slip surface includes but is not limited to a surface that
gripped the skin. The bathtub floor did not have a surface that gripped the skin of the
foot to prevent a person from slipping.



Folley's affidavit was substantively identical regarding the condition of the bathtub surface, although
she added that "I did not take a shower that night after Sheila Hayes fell because I was afraid
I might fall." The Hayeses also presented excerpts from Ms. Hayes's deposition. Ms. Hayes
described falling backwards out of the tub onto the bathroom floor after she had washed and rinsed
a foot, stepped down with it, and had both feet slip out from underneath her. Ms. Hayes did
not further elaborate on the condition of the bathtub surface other than to state, "There was no
gripping in there."

 Under our standard of review, we must credit Ms. Hayes's and Folley's statements
that, when they each inspected the bathtub in the aftermath of Ms. Hayes's fall, it lacked any surface
that gripped the skin to prevent a person from slipping. However, even if this evidence raises a fact
issue as to the existence of an unreasonably dangerous condition in the tub when Ms. Hayes fell,
it remains that the Hayeses were required to present evidence that Hampton Inn had actual or
constructive notice of that condition. See Daenen, 15 S.W.3d at 101 ("The duty owed by an owner
or occupier of a premises to an invitee is not that of an insurer. The duty owed is to exercise
reasonable care to protect against danger from a condition on the [property] that creates an
unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care
would discover.") (citations omitted). The Hayeses did not present evidence that Hampton Inn
had any prior knowledge or notice that the bathtub where Ms. Hayes fell was dangerous, slippery,
or lacked or had a deficient non-slip surface--or that any such problems existed with any bathtub
in the hotel. To the contrary, they presented Lewis's deposition testimony that he had never been
placed on notice of such a problem at any Hampton Inn during his eighteen years of employment
at those hotels. See Lopez v. Motel 6 G.P., Inc., 932 S.W.2d 76, 79 (Tex. App.--El Paso 1996) (in
similar hotel slip-and-fall case, affirming traditional summary judgment where hotel executive
housekeeper presented uncontroverted affidavit testimony that she "never had a complaint that the
showers were slippery or that they present an unreasonably dangerous condition"), rev'd on other
grounds, 929 S.W.2d 1, 3 (Tex. 1996). Nor is there any direct evidence as to how long the condition
existed before Ms. Hayes fell. See Wal-Mart Stores v. Reece, 81 S.W.3d 812, 815 (Tex. 2002)
(describing time-notice rule governing when constructive notice can be inferred based on length of
time unreasonably dangerous condition existed).

 The time-notice rule requires evidence of the length of time the unreasonably
dangerous condition existed prior to the injury-causing event. See id. The Hayeses urge that their
summary-judgment evidence is sufficient to support the inference that the absent or deficient
condition of the non-slip surfacing in the bathtub where Ms. Hayes fell must have existed for a
sufficiently long period of time that Hampton Inn should be charged with knowledge of it because
"[o]bviously, a problem with the slickness of the bathtub surface would only occur over a long
period of time and would not occur overnight." However, the Hayeses have not presented any
competent summary-judgment evidence to support an inference as to how long any such problem
had existed.

 In their affidavits, Ms. Hayes and Folley make identical statements that, "If the
bathtub had ever been supplied with a non-slip surface, the non-slip surface had gradually worn
away over time and was no longer present." Hampton Inn argues on appeal that Ms. Hayes's
and Folley's affidavits are not competent summary-judgment evidence. At least as to their assertions
that the bathtub came to lack a non-slip surface because it "had gradually worn away," we
agree with Hampton Inn. Ms. Hayes and Folley do not supply any underlying facts to support
their opinions as to how the bathtub came to lack a non-slip surface. These are mere unsupported
statements of a conclusion. See Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 937-38
(Tex. 1998) (testimony that macaroni on grocery store aisle floor "seemed like it had been there
awhile" was "mere speculative, subjective opinion of no evidentiary value"). Affidavits containing
unsubstantiated factual or legal conclusions or subjective beliefs that are not supported by evidence
are not competent summary-judgment proof. See, e.g., Rizkallah v. Conner, 952 S.W.2d 580, 586-88 (Tex. App.--Houston [1st Dist.] 1997, no writ). Although the Hayeses contend that Hampton
Inn waived this complaint by failing to object or obtain a ruling from the district court, it was not
required to preserve this complaint with an objection in order to raise it on appeal. Id.

 The Hayeses presented no other proof from which a fact-finder could draw a
reasonable inference as to how long the bathtub had lacked a non-slip surface. The record is silent,
for example, as to the properties of the non-slip surface; whether, how, or how quickly it would
degrade or erode; whether or how someone could remove it; who or what could have removed it or
caused it to degrade; or the presence or absence of any phenomena or factors that would bear on
these facts. (4) As far as we can tell from this record, it is equally probable that the non-slip surface
had been removed or degraded to a point of dangerousness moments before Ms. Hayes's fall as it
is that the surface had been gradually deteriorating over a long period of time. (5) Without more to
permit a fact-finder to choose among these alternative inferences, there is no evidence as to the
length of time the bathtub had lacked a non-slip surface and would create a dangerously slippery
condition when used. See Gonzalez, 968 S.W.2d at 937-38; see also Daenen, 15 S.W.3d at 102-03
(premises owner's knowledge that premises will deteriorate over time does not alone establish its
constructive knowledge that premises did so and created an unreasonably dangerous condition). 
Consequently, the Hayeses did not meet their burden to present evidence raising a genuine issue
of material fact that Hampton Inn had constructive knowledge of the condition. We overrule the
Hayeses' second issue. Because summary judgment can stand on the notice element alone, we need
not reach the Hayeses' issues pertaining to other elements of their premises-liability claims.


Scope of summary judgment 

 In their fifth issue, the Hayeses contend that the summary-judgment order was
final but erroneous because it did not dispose of all parties and claims. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205-06 (Tex. 2001). Specifically, the Hayeses argue that Vista Host, which
had appeared in the cause by filing an answer under its own name, never sought summary judgment
and that Hampton Inn's summary-judgment motion did not address Edwin Hayes's loss-of-consortium claim. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993)
(summary judgment must stand or fall solely on grounds expressly presented in the motion). These
contentions are without merit.

 The Hayeses' live pleading at the time of the summary-judgment hearing and
order was their first amended original petition, which they filed on August 16, 2007. In neither
this pleading nor the original petition filed by Ms. Hayes alone did the Hayeses assert claims against
Vista Host as an entity distinct from "Hampton Inn." (6) The Hayeses filed their first amended petition
after defense counsel had filed the "first amended original answer" on behalf of Vista Host. 
Consequently, if that answer had constituted an appearance by Vista Host as an entity distinct from
"Hampton Inn," the Hayeses' subsequent filing of their first amended original petition asserting
claims solely against "Hampton Inn" would have constituted a non-suit of any claims against Vista
Host as a separate entity. See Webb v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972); Molina v. Kelco
Tool & Die, 904 S.W.2d 857, 859-60 (Tex. App.--Houston [1st Dist.] 1995, writ denied). 
Consequently, Vista Host was no longer a party when the district court rendered summary judgment. 

 As for Edwin Hayes's loss-of-consortium claim, it is true that the claim first appeared
in the Hayeses' first amended original petition, which was filed after Hampton Inn filed its summary-judgment motion. Hampton Inn did not thereafter amend or supplement its summary-judgment
motion to address the newly added consortium claim. Generally, a movant who does not amend
or supplement its pending summary-judgment motion to address newly added claims is not entitled
to summary judgment on those claims. See Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d
584, 592 (Tex. App.--Houston [1st Dist.] 2005, no pet.); Smith v. Atlantic Richfield Co.,
927 S.W.2d 85, 88 (Tex. App.--Houston [1st Dist.] 1996, writ denied). In such an instance, the
portion of the summary judgment purporting to be final must generally be reversed because
the judgment grants more relief than requested in the motion. See Lehmann, 39 S.W.3d at 200;
Blancett, 177 S.W.3d at 592; see also McConnell, 858 S.W.2d at 341. One exception to this
rule applies, however, when a previously filed no-evidence summary-judgment motion already
challenges an essential element of a later-added claim. See Lampasas v. Spring Center, Inc.,
988 S.W.2d 428, 436-37 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Similarly, "[c]ourts
have granted summary judgments on causes of action not specifically addressed in a movant's
motion if the movant has conclusively disproven an ultimate fact which is central to all causes of
action alleged, or the unaddressed causes of action are derivative of the addressed cause of action." 
Smith v. Heard, 908 S.W.2d 693, 698-99 (Tex. App.--San Antonio 1998, pet. denied) (citing
Timothy Patton, Summary Judgments in Texas--Practice, Procedure, and Review § 3.06[3] (2d ed.
1996); Judwin Prop., Inc. v. Griggs & Harrison, 911 S.W.2d 498, 502-03 (Tex. App.--Houston
[1st Dist.] 1995, no writ); Mackie v. McKenzie, 900 S.W.2d 445, 451 (Tex. App.--Texarkana 1995,
writ denied); Cissne v. Robertson, 782 S.W.2d 912, 918 (Tex. App.--Dallas 1989, writ denied)). 
Such is the case with Edwin Hayes's loss-of-consortium claim.

 A loss-of-consortium claim is a derivative claim that is in the nature of an element
of damages. See Whittlesey v. Miller, 572 S.W.2d 665, 666 n.1 (Tex. 1978). Edwin Hayes's right
to recover for loss of consortium depends on whether Sheila could prove the elements of her
premises-liability cause of action. See Brewerton v. Dalrymple, 997 S.W.2d 212, 217 (Tex. 1999). 
Consequently, Hampton Inn's no-evidence motion challenging these elements was sufficient to
address Edwin Hayes's later-added loss-of-consortium claim without need to amend. See Lampasas,
988 S.W.2d at 436-37. Summary judgment on both Sheila's and Edwin's claims was appropriate.
Id.

 We overrule the Hayeses' fifth issue.


CONCLUSION


 Having overruled all of the Hayeses' issues on appeal, we affirm the district court's
judgment.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: March 20, 2009
1. There is no dispute that, as a hotel guest, Ms. Hayes was an invitee. See Motel 6 G.P.
v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). A premises owner generally owes invitees a duty to protect
them from not only those risks of which the owner is actually aware, but also those risks of which
the owner should be aware after reasonable inspection. Id.
2. Initially, Ms. Hayes also sued Hilton Hotels Corporation, but subsequently non-suited
that defendant.
3. Appellees represent in their brief that Vista Host is the franchisee and owner of the
Hampton Inn in question. We find no record support for these assertions. To the contrary, the sole
summary-judgment evidence on that point--the deposition testimony of Vista Host's vice-president
of operations, Nancy Spoltore--indicates that the hotel was owned by a limited partnership in which
Vista Host was managing partner. Neither Spoltore nor any other witness identified the name of the
limited partnership.
4. Lain did testify that the non-slip surfacing might or might not be visible "depend[ing] on
the cleaning maybe of the housekeeper," adding that "you can clean it and you can look at the glare
and you can see it, and if you stand up over it, you might not see it." Beyond this, Lain gave no
indication that cleaning methods had any impact on the non-slip surfacing.
5. The Hayeses also suggest that the absence of the non-slip surface in the bathtub when
Ms. Hayes fell can alone support the inference that the tub lacked the surface when installed six years
earlier. If it can, such an inference, on this record, would be no more probable than the inference
that the condition arose shortly before Ms. Hayes's fall.
6. Although the district court's docket sheet reflects that the Hayeses sought leave to file a
subsequent amended petition, neither this pleading nor any order granting leave to file an amended
petition appears in the appellate record.